UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 16-340 (MJD/FLN) |
| Plaintiff, | |
| v. | |
| Huy Ngoc Nguyen (1),<br>Jerome Tarlve Doe (2),<br>Napoleon Tutex Deah (3), | **AMENDED REPORT AND<br>RECOMMENDATION** |
| Defendants. | |

David Michael Maria and John Kokkinen, Assistant United States Attorneys, for Plaintiff.
Daniel Scott for Defendant Huy Ngoc Nguyen.
Robert Owens for Defendant Jerome Tarlve Doe.
Shannon R. Elkins for Defendant Napoleon Tutex Deah.

**THIS MATTER** came before the undersigned United States Magistrate Judge on May 23, 2017, on Defendant Huy Ngoc Nguyen's motion to suppress search and seizure evidence (ECF No. 77); as well as Defendants Nguyen, Jerome Tarlve Doe, and Napolean Tutex Deah's collective motion to dismiss the Indictment (ECF No. 69). This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. At the hearing, the Government entered two exhibits into evidence. *See* Exhibit and Witness List, ECF No. 83. For the reasons set forth below, Defendants' motions should be **DENIED**.

**A.      The Indictment**

On December 20, 2016, a United States Grand Jury returned an indictment, charging Defendant Huy Ngoc Nguyen with making illegal kick-back payments to Defendants Jerome Tarlve Doe and Napoleon Tutex Deah, in a scheme to defraud automobile insurance companies by submitting claims and receiving reimbursements through his chiropractic clinics for chiropractic

services that either were not medically necessary or were not rendered. Indictment, ECF No. 1. Defendants are charged with one count of conspiracy to commit health care fraud and one count of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349. *Id.* at 18–21; *see also* 18 U.S.C. §§ 1341, 1347. The Indictment alleges that Nguyen, who is a chiropractor and the chief executive officer of Healthcare Chiropractic Clinic, Inc. ("Healthcare Chiropractic"), paid Doe and Deah, to recruit automobile accident victims to show up for medical appointments and continue receiving unnecessary chiropractic services. *Id.* ¶¶ 2–17. Defendants are also alleged to have paid some of these recruited patients directly to continue going to Nguyen's clinics for chiropractic treatments. *Id.* ¶ 12. Under this scheme, Defendants are accused of causing automobile insurance companies to have paid millions of dollars as a result of false and fraudulent reimbursement claims. *Id.* ¶ 17. Trial is scheduled to begin on October 16, 2017, before the Honorable Judge Michael J. Davis. Order, ECF No. 85.

**B.     Motion to Suppress Search and Seizure Evidence (ECF No. 77)**

On December 14, 2015, the Honorable Magistrate Judge Becky Thorson signed two search warrants authorizing the search of Healthcare Chiropractic offices located in Minneapolis, Minnesota, and in Brooklyn Park, Minnesota. Gov't Exs. 1–2, ECF No. 83. Nguyen now moves to suppress any evidence obtained during searches pursuant to these warrants, contending that because the affidavits in support of the warrants rely on Minnesota Statute section 609.12[1] ("the Runner

---

[1]
> "Whoever employs, uses, or acts as a runner, capper, or steerer is guilty of a felony and may be sentenced to imprisonment for not more than three years or to a payment of a fine of not more than $6,000, or both. Charges for any services rendered by a health care provider, who violated this section in regard to the person for whom such services were rendered, are noncompensable and unenforceable as a matter of law."

> Minn. Stat. § 609.612, subdiv. 2.

Statute") and because the affiant failed to include reference to the August 19, 2014, *Illinois Farmers Insurance Co. v. Mobile Diagnostic Imaging* Order, *see* No. 13-cv-2820 PJS/TNL, 2014 WL 4104789, at *1 (D. Minn. Aug. 19, 2014), Magistrate Thorson did not know to disregard the allegations related to the Runner Statute in the affidavit. *See* Mot. to Suppress, ECF No. 77. If she had, Nguyen contends, Judge Thorson would have determined that the affidavit does not support a finding of probable cause. *See id.* Nguyen also asserts that the warrants "cannot be saved by *United States v. Leon*, 468 U.S. 897, 915, 924 (1984)[,] because no agent could have believed that his declaration on the reach of the mail fraud law could supply probable cause to support the issuance of a search warrant." *See id.* The Government argues that *Illinois Farmers*, "does not foreclose a federal prosecution for mail, wire, or health care fraud based on evidence that chiropractors made kickback payments to runners and then omitted, failed to disclose, or concealed that practice." Gov't Opp'n Mem. 34, ECF No. 79. Additionally, the Government contends that the search warrant does not rely on violations of the Runner Statute as the basis for the fraud charges. *Id.* at 34–35.

After reviewing the Order, the Court first observes that *Illinois Farmers* does not foreclose a federal prosecution under the facts alleged in the Indictment, nor does it prohibit a probable cause finding that evidence of a crime may be found based on the affidavits at issue in this case. *See* 2014 WL 4104789. Here, FBI Special Agent Jennifer Khan authored nearly identical affidavits in support of the search warrants to the Heathcare Chiropractic offices. ECF No. 83, Gov't Exs. 1–2. The affidavits include approximately seven pages outlining the ongoing joint investigation of the FBI and the Minnesota Department of Commerce Fraud Bureau into the suspected scheme and fraud. *Id.* Based on evidence collected from a confidential informant and an FBI confidential employee posing as a patient, Khan attested that she believed evidence of a fraud could be found in the

3

Heathcare Chiropractic offices. *Id.*

Assuming without deciding that the search warrants lacked probable cause, the Court concludes that the evidence is nonetheless admissible under the good-faith exception to the exclusionary rule as articulated in *Leon. See* 468 U.S. at 922; *see also United States v. Clay*, 646 F.3d 1124 (8th Cir. 2011) ("[T]he exclusionary rule should not be applied so as to bar the admission of evidence obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate, even if that search warrant is later held to be invalid." (citing *Leon*, 468 U.S. at 900)).

The Eighth Circuit has outlined four situations where an officer's reliance on a warrant would be unreasonable: (1) the officer included information in the affidavit that he knew was false or would have known was false except for his reckless disregard of the truth; (2) the affidavit is so lacking in probable cause that it is objectively unreasonable for the officer to rely on it; (3) the judge failed to act in a neutral and detached manner; or (4) the warrant is so facially deficient that the officer cannot reasonably presume the warrant to be valid. *See United States v. Phillips*, 88 F.3d 582, 586 (8th Cir. 1996) (citing *Leon*, 468 U.S. at 922). None of these situations are applicable here. This is not a situation where the supporting affidavits were so devoid of factual support that it would be objectively unreasonable for a law enforcement officer to rely on it. *Cf. United States v. Herron*, 215 F.3d 812 (8th Cir. 2000) (concluding that the good-faith exception did not apply where the affidavit at issue contained no facts that the defendant was involved in marijuana activities or that such activities were occurring on the premises searched). The record does not support a finding that the officers' reliance on the warrants were unreasonable. *See Leon*, 468 U.S. at 922. Additionally, there is no evidence that Khan included false information in the warrant application, that Judge Thorson

4

failed to act in a neutral manner, or that the warrants were so facially deficient it would be unreasonable for an officer to rely on them. Indeed, Nguyen does not argue that there are factual deficiencies in the affidavits, but only contends that Khan failed to include what he believes to be applicable law. Therefore, the motions to suppress evidence obtained pursuant to the search warrants authorizing the search of the Heathcare Chiropractic offices, must be denied. *See id.*

C.     **Motion to Dismiss (ECF No. 69)**

In the motion to dismiss, Defendants first assert that the Counts in the Indictment are both multiplicitous and duplicitous, and must be dismissed. Defs.' Mems. in Supp. of Mot. to Dismiss, ECF No. 70. Second, Defendants argue that the Indictment fails to charge a federal offense or is "so incoherently drawn that it is impossible to discern the offense charged." *Id.* The Government contends that the Counts charged are neither multiplicitous nor duplicitous, and that the Indictment properly charges federal fraud conspiracies. *See* ECF No. 79 at 10–23.

1.     **The Indictment is Not Duplicitous**

Duplicity is the joining in a single count, two or more distinct and separate offenses. *See United States v. Street*, 66 F.3d 969, 974 (8th Cir. 1995). "The principal vice of a duplicitous indictment is that the jury may convict a defendant without unanimous agreement on the defendant's guilt with respect to a particular offense." *United States v. Karam*, 37 F.3d 1280, 1286 (8th Cir. 1994). A charge constitutes a separate offense if the Government is required to provide different factual proof. *See United States v. Graham*, 60 F.3d 463, 467 (8th Cir. 1995).

Defendants argue that Count 1 is duplicitous as it charges a completed offense of health care fraud, conspiracy to commit health care fraud, and a violation of the Runner Statute, and that Count 2 is duplicitous in charging a completed health care fraud violation, conspiracy to commit mail fraud, and a completed mail fraud offense. ECF No. 70. The Court disagrees. Count 1 charges

5

Defendants with conspiracy to commit health care fraud and Count 2 charges Defendants with conspiracy to commit mail fraud. ECF No. 1. The Indictment merely "details the scheme to defraud." ECF No. 79 at 10. While reference to the Runner Statute and "how the defendants conspired to commit health care fraud and mail fraud," are included in the Indictment, the Government will only be required to put forward factual proof at trial of conspiracy to commit health care and mail fraud. Additional facts that apprise Defendants of the circumstances and the factual scenario that gave rise to the charges, does not amount to additional allegations or charges in the Indictment. The motion to dismiss for duplicity should be denied.

### 2. The Indictment is Not Multiplicitous

"Multiplicity is the charging of a single offense in several counts. . . . The obvious ill to be avoided is that a multiplicity of charges heaps repeated punishments on the defendant and makes it appear that he has engaged in a crime spree, rather than a single violation of the law." *United States v. Edwards*, 976 F. Supp. 810, 811 (E.D. Ark. 1997) (internal citations omitted). Defendants contend that Counts 1 and 2 should be charged as a single count because under the charging statute, "Congress intended to punish a unitary conspiracy to violate any of the underlying fraud statutes as a single offense, regardless if the mails were used, the wires used, or the victim is a health care provider." The Government admits that this is a close call, but maintains that it will be "required to prove at trial that, in Count 1, the defendants 'reached an agreement to commit the crime of health care fraud' and that, in Count 2, the defendants 'reached an agreement to commit the crime of mail fraud.'" ECF No. 79 at 13 (quoting Eighth Circuit Manual of Model Criminal Jury Instructions, § 5.06A-1, "Conspiracy: Elements."). The Court agrees that Defendants have been charged with two Counts under the same statute, but because the Government will be required to provide different factual proof for each conspiracy at trial, the Counts charge two separate crimes. *See Graham*, 60

F.3d at 467. The motion to dismiss for multiplicity should be denied.

### 3. The Indictment Alleges Conspiracy to Commit Health Care and Mail Fraud

Defendants assert that the Indictment does not adequately allege conspiracy to commit health care and mail fraud, because "the indictment contains so much dead end and surplus language it does not reveal any one fraudulent scheme." ECF No. 70. Specifically Defendants argue that if the Runner Statute is removed from the indictment, then "there are no facts to support the allegation that the co-defendants were involved in a conspiracy to provided unnecessary medical services." *Id.* The Court concludes, as the Government argues, "the [I]ndictment adequately alleges the elements of a conspiracy to commit health care fraud and a conspiracy to commit mail fraud, and it provides more than adequate detail about the co-conspirators' scheme to defraud." ECF No. 79 at 16.

"The true test of the sufficiency of an indictment is . . . whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet." *United States v. Debrow*, 346 U.S. 374, 376 (1953) (internal citations omitted). The Court concludes that the Indictment adequately alleges that Defendants conspired to obtain money wrongfully from a healthcare program, in that they are accused of knowingly and willfully either receiving money to bring in patients, paying patients, or paying others to bring in patients, for healthcare treatment billed to automobile insurance providers. The Court again observes that *Illinois Farmers* does not foreclose a federal prosecution under the facts alleged in the Indictment, *See* 2014 WL 4104789, and concludes that any information related to the Runner Statute, is relevant to the intent of the parties and the counts charged, and not so inflammatory as to be prejudicial. *See* Fed. R. Crim. P. 7(c). Any prejudice suffered by the allegations in the Indictment are outweighed by their relevancy to the charges. *See Dranow v. United States*, 307 F.2d 545, 558 (8th Cir. 1962).

The Indictment accuses Defendants of either paying patients directly or through other co-

Defendants to attend a certain number of treatment sessions at Ngyuen's clinic. *See* ECF No. 1 ¶ 12. Nguyen is then accused of submitting claims for these services to the automobile insurance companies. *See id.* ¶ 15–16. Defendants are provided with enough information to mount a defense to the crimes charged. *See* Fed. R. Crim. P. 7(c)(1). Defendants motion to dismiss should be denied.

**D.      Recommendation**

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Nguyen's motion to suppress search and seizure evidence (ECF No. 77)[2] be **DENIED**.

2. Defendants' collective motion to dismiss the Indictment (ECF No. 69) be **DENIED**.

DATED: August 9, 2017                                             *s/Franklin L. Noel*
                                                                                    FRANKLIN L. NOEL

                                                                                    United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **July 6, 2017**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **July 6, 2017**, a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.

---

[2] The Court inadvertently included the wrong docket entry number in its original order. Nguyen's motion to suppress search and seizure evidence is docketed at ECF No. 77.