# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

**ORDER**

Criminal File No. 16-340 (MJD/FLN)

(1) HUY NGOC NGUYEN,
(2) JEROME TARLVE DOE, and
(3) NAPOLEON TUTEX DEAH,

       Defendants.

David Michael Maria and John E. Kokkinen, Assistant United States Attorneys, Counsel for Plaintiff.

Daniel M. Scott, Kelley, Wolter & Scott, P.A., Counsel for Defendant Huy Ngoc Nguyen.

Robert W. Owens, Jr., Owens Law, L.L.C., Counsel for Defendant Jerome Tarlve Doe.

Shannon R. Elkins, Office of the Federal Defender, Counsel for Defendant Napoleon Tutex Deah.

The above-entitled matter comes before the Court upon the Amended

Report and Recommendation of United States Magistrate Judge Franklin L. Noel

dated August 9, 2017. [Docket No. 95] The Amended Report and

Recommendation is identical to the June 22, 2017 Report and Recommendation

[Docket No. 89], with the exception that an incorrect docket number has been

corrected in the Recommendation Section on page 8.  Defendants Huy Ngoc

Nguyen, Jerome Tarlve Doe, and Napoleon Tutex Deah filed objections to the

Report and Recommendation.  A Superseding Indictment was filed on August

15, 2017.  However, "as a general rule, the filing of a superseding indictment

does not have the effect of voiding previously filed indictments in the same

criminal case and that both an original and a superseding indictment may co-

exist prior to the trial's commencement."  United States v. White, No. 3:16-CR-

00560-JMC-5, 2017 WL 1684860, at *3 (D.S.C. May 3, 2017) (citations omitted)

(gathering cases); see also United States v. Walker, 363 F.3d 711, 715 (8th Cir.

2004).

Pursuant to statute, the Court has conducted a de novo review upon the

record.  28 U.S.C. § 636(b)(1); Local Rule 72.2(b).  Based upon that review, the

Court adopts the Amended Report and Recommendation of United States

Magistrate Judge Noel dated August 9, 2017.

> An indictment is sufficient if it contains the elements of the offense
> charged, lets the defendant know what he needs to do to defend
> himself, and would allow him to plead a former acquittal or

conviction if he were charged with a similar offense.  Usually an
indictment that tracks the statutory language is sufficient.

United States v. Whitlow, 815 F.3d 430, 433 (8th Cir. 2016) (citations omitted).

The Indictment in this case meets the aforementioned standard for the

charged conspiracy offenses.  The Court further notes that the charges in this

case are based not only on a theory that a chiropractor commits fraud by billing

an insurance company for noncompensable claims based on services provided to

a patient who was brought to the clinic through a kickback payment to a runner,

but also on allegations that the chiropractor billed the insurance company for

treatments that were not medically necessary, for services not actually provided,

for treatment of participants in staged car accidents, and for falsified patient

records.  (Indictment ¶¶ 1, 3, 4, 5, 12, 14, 15.)  The Indictment asserts that all of

these allegations were part of a scheme to defraud insurance companies.

Moreover, as the Eighth Circuit Jury Instructions for the underlying substantive

offenses recognize, more than one theory of a scheme to defraud may be

presented to the jury.  See Eighth Circuit Manual of Model Jury Instructions

(Criminal) (2014) §§ 6.18.1341 n.2, 6.18.1347 n.3.  The Court further notes that the

charges in the Indictment are, in fact, conspiracy counts under 18 U.S.C. § 1349.

"[A] conspiracy conviction under § 1349 does not require proof of an overt act."

United States v. Roy, 783 F.3d 418, 420 (2d Cir. 2015). See also Eighth Circuit

Manual of Model Jury Instructions (Criminal) (2014) § 5.06A-1 n.2.

Furthermore, "under the No–Fault Act, insurance companies have a right

to deny paying benefits based on grounds other than the necessity and

reasonableness of the medical treatment." Liberty Mut. Fire Ins. Co. v. Acute

Care Chiropractic Clinic P.A., 88 F. Supp. 3d 985, 1008 (D. Minn. 2015). See also

United States v. Gabinskaya, 829 F.3d 127, 133–34 (2d Cir. 2016) (upholding

convictions for conspiracy to commit mail fraud and conspiracy to commit health

care fraud, among other offenses, based on physician conspiring to submit claims

to no-fault automobile insurance companies that were ineligible for payment

under New York law because the physician was not the actual owner of the

clinic). A claim can be fraudulent based on the withholding of a material fact

from the insurance company, even when that material fact does not implicate

medical necessity. Thus, if a claim is ineligible for compensation due to violation

of the runner statute, that fact could be material to an insurance company. See

Minn. Stat. § 609.612, subd. 2. Here, the Government has adequately alleged that

the existence of kickback payments to runners is a material fact to insurance

companies and that Defendants affirmatively concealed this material fact.

United States v. Jain, 93 F.3d 436 (8th Cir. 1996), is inapposite because, there, the alleged victims of the mail fraud were the patients and there was no evidence of harm; here, the Government alleges that the automobile insurance companies were the victims, that the victims were billed for services that were not medically necessary or were not provided, and that the non-disclosure of the runner payments was a "material fact" to those insurance companies (Indictment ¶ 16). Finally, Illinois Farmers Ins. Co. v. Mobile Diagnostic Imaging, Inc., did not address the runner statute. No. 13-CV-2820 (PJS/TNL), 2014 WL 4104789, at *9-10 (D. Minn. Aug. 19, 2014).

Also before the Court is Defendant Huy Ngoc Nguyen's appeal of Magistrate Judge Noel's June 22, 2017 Order denying Nguyen's motion to strike surplusage and granting in part and denying in part Nguyen's motion for a bill of particulars. This Court will reverse a magistrate judge's order on a nondispositive issue if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); D. Minn. L.R. 72.2(a). The Court has reviewed the submissions and the record in this case and concludes that Magistrate Judge Noel's June 22, 2017 Order is neither clearly erroneous nor contrary to law. Therefore, the June 22, 2017 Order is affirmed.

Accordingly, based upon the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED**:

1. The Court **ADOPTS** the Amended Report and Recommendation of United States Magistrate Judge Franklin L. Noel dated August 9, 2017 [Docket No. 95].

2. Defendants' Joint Motion to Dismiss the Indictment [Docket No. 69] is **DENIED**.

3. Defendant Huy Ngoc Nguyen's Amended Motion to Suppress [Docket No. 77] is **DENIED**.

4. United States Magistrate Judge Franklin L. Noel's June 22, 2017 Order [Docket No. 86] is **AFFIRMED**.

5. Defendant Huy Ngoc Nguyen's objection [Docket No. 93] is **OVERRULED**.

Dated:   August 31, 2017          s/ Michael J. Davis
                                  Michael J. Davis
                                  United States District Court