# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                            **MEMORANDUM OF LAW & ORDER**
                                 Criminal File No. 16-340 (MJD/BRT)

(1) HUY NGOC NGUYEN,

      Defendant.

Chelsea A. Walcker, Assistant United States Attorney, Counsel for Plaintiff.

Brandon Sample, Brandon Sample PLC, Counsel for Defendant.

## I. INTRODUCTION

This matter is before the Court on the Government's Motion to Confirm Waiver of Attorney-Client Privilege. [Docket No. 453]

## II. BACKGROUND

Defendant Huy Ngoc Nguyen has filed a Motion to Vacate under 28 U.S.C. § 2255. [Docket No. 447] Defendant asserts four bases for his motion, three of which relate to the alleged ineffectiveness or conflict of interest of his former counsel, Daniel Scott. Specifically, Defendant alleges, among other things, that

1

his former counsel was ineffective by 1) depriving him of his right to counsel of his choice by failing to disclose that his law partner was married to an attorney who represented an insurance company involved in civil litigation against Defendant; 2) laboring under a financial conflict of interest; and 3) depriving Defendant of his right to counsel of choice by not filing a motion for continuance.

The Government represents that it contacted Defendant's former counsel and requested information related to the bases for Defendant's motion. Counsel responded that he was not comfortable providing the information requested unless the Court acknowledged that Defendant has waived his attorney-client privilege. Thus, the Government filed the current motion seeking an order confirming that Defendant waived the attorney-client privilege.

Defendant acknowledges that he has waived attorney-client privilege, but opposes the release of information in document form to the Government because the Government has not shown good cause for the production of records from Defendant's former counsel consistent with Rule 6 of the Rules Governing Section 2255 Proceedings. Defendant also opposes any communication by the Government with former counsel outside the context of a deposition or formal judicial proceeding, except that he does not oppose former counsel providing an

affidavit that is narrowly tailored to the claims of ineffective assistance of counsel raised in Defendant's § 2255 motion. Defendant further requests a protective order limiting the use of the affidavit produced by former counsel.

### III. DISCUSSION

#### A. Standard

A defendant "cannot use attorney-client privilege as both a shield and a sword." United States v. Davis, 583 F.3d 1081, 1090 (8th Cir. 2009) (citation omitted). A defendant waives attorney-client privilege when he makes

> an attack . . . upon his attorney's conduct which calls into question the substance of their communications. A client has a privilege to keep his conversations with his attorney confidential, but that privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence. . . . Surely a client is not free to make various allegations of misconduct and incompetence while the attorney's lips are sealed by invocation of the attorney-client privilege. Such an incongruous result would be inconsistent with the object and purpose of the attorney-client privilege and a patent perversion of the rule. When a client calls into public question the competence of his attorney, the privilege is waived.

Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974) (citations omitted).

"Voluntary disclosure of attorney client communications expressly waives the privilege." Davis, 583 F.3d at 1090 (citation omitted). A defendant also "waive[s] the attorney-client privilege when [he] assert[s] he should be able to

3

withdraw his guilty plea based on the erroneous advice of his [] counsel." Id. (citation omitted).

Here, Defendant has waived attorney-client privilege with respect to the issues alleged by Defendant, and former counsel may provide that otherwise privileged information to the Government.

### B. Discovery under Rule 6

The Court rejects Defendant's argument that the Court should bar former counsel from producing any documents to the Government because the Government has failed to show good cause for the production of records from Defendant's former counsel pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings. The Government is not seeking to compel any discovery from former counsel under Rule 6. Rather, former counsel has indicated to the Government that he will voluntarily provide the requested information as long as there is a Court order recognizing the privilege waiver. Because Rule 6 is not at issue, Defendant's request is denied.

### C. Communication Outside Formal Judicial Proceedings

Defendant requests that the Government be prohibited from speaking informally to former counsel and, instead, that any communications must occur in a formal deposition. "The law imposes no such restriction." United States v.

Adejumo, No. CRIM. 11-87 (MJD/JJK), 2015 WL 4920000, at *1 (D. Minn. Aug. 18, 2015).  See also, e.g., United States v. Fiorito, No. 07-CR-0212(1) PJS, 2013 WL 1345413, at *1 (D. Minn. Apr. 2, 2013) (holding that former counsel "may disclose—inside and outside of court—any communications that he had with [the defendant] regarding any topic directly implicated by [the defendant's] ineffective-assistance claims").

Defendant "has waived attorney-client privilege with regard to the issues discussed in his motion; therefore, [former counsel] is permitted to reveal relevant attorney-client communications, whether in an affidavit or at an evidentiary hearing."  Adejumo, 2015 WL 4920000, at *1.  Cf. United States v. Stone, 824 F. Supp. 2d 176, 189 (D. Me. 2011) ("The Court agrees with the Government's caution that generally the least intrusive means of obtaining information from former defense counsel—either in the form of document production or affidavits—should be explored first and that a deposition of defense counsel is commonly the last resort.").  Moreover, unlike in the cases relied upon by Defendant, here, the Government does not seek an order compelling Defendant's former counsel to produce notes or issue an amended declaration.  Cf. United States v. Pinson, 584 F.3d 972, 979 (10th Cir. 2009).

### D.   Protective Order

Defendant requests that the Court issue a protective order to "limit the Government's use of any privileged discovery to rebuttal of Nguyen's claims, 2) prohibit the Government from using the information or documents against Nguyen in any manner during future proceedings; 3) prohibit the Government from disseminating the information or its general contents to any other U.S. Attorney's Office or in any other context outside the § 2255 proceedings." (Def. Opp. Brief at 9.)

> Some courts, primarily in the Ninth Circuit, have held that this is a limited waiver and that the habeas petitioner is entitled to a protective order precluding use of privileged attorney-client materials revealed in discovery for any purpose other than litigating the federal habeas claims.

Plunk v. Hobbs, No. 5:08CV00203 SWW, 2010 WL 4789192, at *2 (E.D. Ark. Nov. 16, 2010) (citations omitted).

The Eighth Circuit has not addressed the use of the type of protective order requested by Defendant. United States v. Collyard, No. CRIM. 12-0058 SRN, 2013 WL 1346202, at *4 (D. Minn. Apr. 3, 2013); Plunk, 2010 WL 4789192, at *2  However, other Circuits have acknowledged the dilemma a defendant faces between "'asserting his ineffective assistance claim and risking trial where the prosecution can use against him every statement he made to his first lawyer or

"retaining the privilege but giving up his ineffective assistance claim.'" Pippins v. United States, No. CR 3:17-00007, 2020 WL 864894, at *3 (S.D.W. Va. Feb. 20, 2020) (quoting United States v. Nicholson, 611 F.3d 191, 217 (4th Cir. 2010); Bittaker v. Woodford, 331 F.3d 715, 717, 722-23 (9th Cir. 2003) (en banc)). See also Collyard, 2013 WL 1346202, at *4 ("While Bittaker is not binding authority on this Court, the Court is unaware of any governing Eighth Circuit precedent on this precise issue and finds the reasoning in Bittaker persuasive."). Therefore, the Court will grant Defendant's request for a protective order as follows: the Court holds that the attorney-client privilege, which attaches to the communications between Defendant and his former counsel, shall not be deemed automatically waived in any other Federal or State proceeding by virtue of the above-ordered disclosure in this Section 2255 proceeding. The affidavit and documents supplied by Daniel Scott shall be limited to use in this proceeding, and the Government is prohibited from otherwise using the privileged information disclosed by Daniel Scott without further order of a court of competent jurisdiction or a written waiver by Defendant. See Pippins, 2020 WL 864894, at *3.

7

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. The Government's Motion to Confirm Waiver of Attorney-Client Privilege [Docket No. 453] is **GRANTED**, and, for purposes of this habeas proceeding, Defendant has waived attorney-client privilege with regard to all communications, documents, and information reasonably necessary to respond to Defendant's specific allegations of ineffective assistance of counsel.

2. The attorney-client privilege, which attaches to the communications between Defendant and his former counsel, shall not be deemed automatically waived in any other Federal or State proceeding by virtue of the above-permitted disclosure in this Section 2255 proceeding. The affidavit and documents supplied by Daniel Scott shall be limited to use in this proceeding, and the Government is prohibited from otherwise using the privileged information disclosed by Daniel Scott without further order of a court of competent jurisdiction or a written waiver by Defendant.

Dated:   April 28, 2020               s/ Michael J. Davis
                                      Michael J. Davis
                                      United States District Court