UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.            **MEMORANDUM OF LAW & ORDER**
              Criminal File No. 16-340 (MJD/BRT)

(1) HUY NGOC NGUYEN,

      Defendant.

Chelsea A. Walcker, Assistant United States Attorney, Counsel for Plaintiff.

Huy Ngoc Nguyen, pro se.

## I.   INTRODUCTION

This matter is before the Court on Defendant Huy Ngoc Nguyen's Pro Se Motion Requesting a Judicial Recommendation Concerning Length of Residential Reentry Center Placement.  [Docket No. 579]

## II.   BACKGROUND

On March 6, 2018, Defendant Huy Ngoc Nguyen pled guilty to Count 11 of the Corrected Superseding Indictment, Wire Fraud in violation of 18 U.S.C. §§ 2, 1343.  [Docket Nos. 253, 254]  On October 11, 2018, the Court sentenced

1

Defendant to a term of imprisonment of 70 months, to be followed by a term of 2 years supervised release.  [Docket No. 347]

Defendant is currently incarcerated at FPC Duluth.  His projected release date is December 16, 2022.  As of June 1, 2021, the Bureau of Prisons ("BOP") had considered the five factors listed in the Second Chance Act and recommended Defendant for placement at a residential reentry center ("RRC") on June 16, 2022, six months before his release date.  ([Docket No. 579-1] Def. Ex. at 12.)

Defendant has now filed a pro se motion pursuant to the Second Chance Act requesting that the Court recommend to the BOP that Defendant be placed in an RRC for 12 months preceding his release from confinement.  Defendant notes that, throughout his incarceration, he has had no discipline, has completed RDAP and many classes and training programs, has received positive work evaluations, and has availed himself of every opportunity available.  He recounts the hardship of not seeing his children and asserts that additional time in an RRC will assist him in obtaining a job and reentering society.

## III. DISCUSSION

By statute, "[t]he Bureau of Prisons shall designate the place of the prisoner's imprisonment."  18 U.S.C. § 3621(b).  The BOP

may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering-

[among other things]

(4) any statement by the court that imposed the sentence—

>   (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

>   (B) recommending a type of penal or correctional facility as appropriate. . . .

Id.

The Second Chance Act provides:

The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1).

Here, Defendant characterizes his motion to the Court as requesting a mere "recommendation" for 12 months' placement in an RRC. However, according to the evidence submitted by Defendant, as of June 1, 2021, the BOP

considered the Second Chance Act factors and recommended that Defendant would be placed in an RRC for 6 months. Therefore, to some extent, Defendant requests that the Court review and opine on the BOP's RRC determination for Defendant.

"[C]ourts in this District have held that 18 U.S.C. § 3625 precludes judicial review of the BOP's discretionary decisions under §§ 3621 and 3624 regarding RRC placements." United States v. James, No. CR 07-366 (MJD), 2021 WL 1785224, at *1 (D. Minn. May 5, 2021) (citing Berry v. Marques, 18-cv-934 (SRN/TNL), 2018 WL 3750543, at *3 (D. Minn. July 18, 2018) (listing cases)). "Judicial review may be available for any allegations that the BOP's action is contrary to established federal law, violated the Constitution, or exceeds statutory authority." Id. (citation omitted). However, Defendant makes no such allegation. "Because Defendant has not demonstrated that the BOP has violated the law or his Constitutional rights or acted outside its statutory authority, he has not demonstrated that he is entitled to further relief." Id. To the extent that Defendant is seeking only a judicial recommendation as to the ideal length of his placement in an RRC, the Court declines to give such a recommendation.

4

Accordingly, based upon the files, records, and proceedings herein**, IT IS**

**HEREBY ORDERED**:

Defendant Huy Ngoc Nguyen's Pro Se Motion Requesting a Judicial Recommendation Concerning Length of Residential Reentry Center Placement [Docket No. 579] is **DENIED**.

Dated:  July 28, 2021                     s/Michael J. Davis
                                          Michael J. Davis
                                          United States District Court