UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                        **MEMORANDUM OF LAW & ORDER**
                           Criminal File No. 16-340 (MJD/BRT)

(1) HUY NGOC NGUYEN,

      Defendant.

Chelsea A. Walcker and David J. MacLaughlin, Assistant United States Attorneys, Counsel for Plaintiff.

Brandon Sample, Brandon Sample PLC, Counsel for Defendant.

## I.  INTRODUCTION

This matter is before the Court on Defendant Huy Ngoc Nguyen's Motion for Compassionate Release.  [Docket No. 599]

## II.  BACKGROUND

On March 6, 2018, Defendant Huy Ngoc Nguyen pled guilty to Count 11 of the Corrected Superseding Indictment, Wire Fraud in violation of 18 U.S.C. §§ 2, 1343.  [Docket Nos. 253, 254]  On October 11, 2018, the Court sentenced

1

Defendant to a term of imprisonment of 70 months, to be followed by a term of 2 years supervised release.  [Docket No. 347]

III.     **DISCUSSION**

Under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), the Court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The applicable policy statement with respect to motions to reduce sentence is set forth in U.S.S.G. § 1B1.13.  Pursuant to this policy statement, when deciding a motion for a sentence reduction under § 3582(c), the Court must determine whether extraordinary and compelling reasons exist to warrant such relief, whether the defendant is a danger to the safety of any other person or to the community, and whether a sentence reduction is consistent with the policy

statement. U.S.S.G. § 1B1.13. This policy statement also defines "extraordinary and compelling reasons" due to medical condition of the defendant as follows:

> (ii) The defendant is—
>
>> (I) suffering from a serious physical or medical condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. 1(A).

Defendant has exhausted administrative remedies. Therefore, the Court addresses the merits of Defendant's request.

The Court finds that Defendant has failed to show "extraordinary and compelling reasons" due to a medical condition to warrant relief. Defendant is a healthy, slightly obese, middle-aged individual incarcerated at Federal Prison Camp Duluth, a minimum-security camp, where there are no active COVID-19 cases among the inmates. All inmates have been offered vaccination, and 64% of

3

FPC Duluth inmates are fully vaccinated against COVID-19.  Defendant was vaccinated with the Johnson & Johnson COVID-19 vaccine on April 28, 2021.

According to prison records, Defendant gained 10 pounds to barely cross the threshold to be categorized as obese as measured on one date – May 12, 2021 – during a prison health care appointment made by Defendant solely for the purpose of measuring his BMI, "a common request since the guidelines of possible high risk for covid criteria came out from the CDC."  (Def. Ex. B.)  Defendant is otherwise healthy and vaccinated.  Defendant also asserts that his parents suffer from health concerns; however, there is no evidence that Defendant is their only available caregiver.  The Court concludes that Defendant has wholly failed to show extraordinary circumstances.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

Defendant Huy Ngoc Nguyen's Motion for Compassionate Release [Docket No. 599] is **DENIED**.

Dated:   October 25, 2021               s/Michael J. Davis
                                        Michael J. Davis
                                        United States District Court

4